## BOND *et al. v.* DORN *et al.*

A NOTICE, under Sec. 422 of the Practice Act, of the intention of a party to be examined as a witness in his own behalf, need not state each particular fact, or all the evidence in full, which the party intends to state in his testimony. It is sufficient if it states the several subjects, or each particular subject matter respecting which the party is to be examined.

Thus in an action for the diversion of water, the notice for plaintiffs to testify, stated the points upon which they would· be examined with about the same definiteness and particularity as is required in making issues in a pleading : *held,* that the notice was sufficient, and that the refusal to permit the plaintiffs to be examined was error, for which a new trial would be granted.

APPEAL from the Thirteenth Judicial District.

The facts are stated in the opinion.

*J. G. McCullough,* for Appellants.

The Court erred in excluding the plaintiffs as witnesses in their own behalf.

The notice was given under Sec. 422 of the Practice Act, as amended (Stat. 1861, 522), which requires the party to specify the points upon which he intends to be examined.

This notice does specify that plaintiffs will offer themselves to prove : 1st, that they were at the commencement of suit in the actual possession of the ditch in dispute, and were the prior possessors and owners thereof, and entitled to the use and benefit of the water ; 2d, that they owned the prior right to the water flowing in Sherlock's Creek ; 3d, that defendants diverted it ; 4th, the damages plaintiffs have sustained by the diversion.    Must the plaintiffs specify in what way they are the prior owners of the ditch and water ?    In what particular manner or by what means defendants diverted the water ?    We think not.    But even if this be so, certainly the last point is sufficient, and plaintiffs should have been admitted to prove damages, as it cannot be expected that the notice must contain each item of damages, and specify each dollar of loss.    None of the New York cases are analogous to this.

In 8 How. Pr. 342 plaintiff's notice was simply that he would examine his assignor " as a witness on the part of plaintiff." In 13 How. Pr. 198, notice was that plaintiff's assignor would be examined " as to defendant's liability and generally as a witness." In 15 How. Pr. 290, defendant's notice said, " that he would be examined in his own behalf on each and every allegation and fact put in issue by the pleadings."

In none of these cases are the points specified with the same particularity as in the notice in this case.

*Harmon & Hartley*, for Respondents.

I.    The single question is as to the meaning of the phrase " specifying the points " in Sec. 422 of the Practice Act, as amended in 1861 ; and we contend that a notice that a party will be examined on his own behalf as to all the issues raised by the pleadings is insufficient.    The notice should be as definite as is required in a bill of particulars.

An issue raised by the pleadings may involve a half dozen points, and the party is entitled to know as to which point the examination is to be directed.    The points intended by the statute are the several mooted questions of fact.    (*Pattison* v. *Johnson*, 15 How. Pr. 290, 291 ; Burrill's Law Dic. Point and Article ; 4 Chitty's General Practice, 200, etc.)    These latter authorities show that point means substantially what article means, and the form in *Chitty* shows that article refers to a particular specification of the facts.    So in Admiralty Practice, the forms run, in the beginning of the libel : " And thereupon the said A B doth allege and articulately propound as follows, to wit ;" and then comes an exact statement of all the essential facts of the case.    (Conkling's Admiralty, 816, *et passim.*)

The statute permits a man to prove his own case ; but to guard against abuse of his power, requires him to notify his opponent as to what special facts he intends to speak, that is, as to what lesser facts in the chain, going to make up the ultimate fact of the case, to wit, the issue.    *Green* v. *Palmer* (15 Cal. 415, 416) as to distinction between three different kinds of fact.    The illustration given at the bottom of page 416 is pertinent to this case.

Bond *v.* Dorn.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action for damages, caused by the diversion of water. On the trial the plaintiffs were offered as witnesses on their own behalf, under a notice served on the opposite party, in compliance with the provisions of the amendment of 1861 to Sec. 422 of the Practice Act. The defendants objected, that the notice did not sufficiently specify the points on which the parties intended to be examined. The Court held the notice to be insufficient, and excluded the witnesses. The defendants recovered judgment, a motion for a new trial was made and denied, and the plaintiffs appeal from the judgment and the order refusing a new trial, and assign for error that the Court erred in refusing to permit the plaintiffs to testify.

The notice states that the plaintiffs will offer themselves as witnesses on their own behalf, " to prove that they (the plaintiffs) are at the present time, and were at the commencement of this suit and prior to that date, the owners and proprietors, and were in the actual possession of the water ditch described in the plaintiffs' complaint, and are at the present time and were entitled to the use and benefit of the water for mining purposes, flowing in the natural channel of Sherlock's Creek, about one and one-half miles above its junction with the Merced River, at the commencement of this suit, and that the defendants wrongfully and unlawfully diverted and conveyed away the water flowing in the natural channel of the said Sherlock's Creek, above the mouth of the plaintiffs' water ditch aforesaid, as alleged in the plaintiffs' complaint." Also, " to prove their prior rights to the water flowing in the natural channel of the said Sherlock's Creek, and also the amount of damages they have sustained in consequence of the defendants wrongfully and unlawfully diverting and conveying away the water flowing in the natural channel of the said Sherlock's Creek, above the mouth of the plaintiffs' water ditch aforesaid." We think the notice in this case sufficiently specifies the " points " on which the party intends to be examined. It is not necessary to state each particular fact, or all the evidence in full which he intends to state in his testimony. It is sufficient if the notice states the several subjects, or each

particular subject matter, respecting which he intends to testify, and the notice in this case does so with sufficient clearness and particularity.

The judgment is reversed, and the cause remanded for further proceedings.